UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE EVAN PETERSEN,<br><br>        Petitioner,<br><br>    v.<br><br>KATHLEEN SAWYER, Director of the Federal Bureau of Prison,<br><br>        Respondent. | No.  1:20-cv-00371-NONE-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 6) |

Petitioner Kyle Peterson is a federal prisoner[1] proceeding *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his 2013 conviction in state court (Case No. HC15967). (Doc. No. 1 at 3, 49.) On March 5, 2013, petitioner was sentenced in state court to four years of imprisonment (with 240 days of credit for time served in custody) after he pled to no contest to possession of child pornography.[2] (*Id.* at 47, 49–50.) Beginning in September 2018, petitioner petitioned the state trial court, appellate court, then finally state supreme court for habeas relief with respect to his 2013 conviction—but all of those petitions were denied. (*Id.* at 49–56.) Petitioner then filed the instant habeas petition on March 11, 2020, raising the same arguments he had presented in state courts. (*Id.*) On March 16,

---

[1] Petitioner was sentenced in *United States v. Petersen*, Case No. 1:17-cr-00255-NONE-SKO.

[2] In California, a plea of no contest or nolo contendere "shall be considered the same as a plea of guilty." Cal. Penal Code § 1016(3).

1

2020, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be dismissed, reasoning that petitioner was no longer in "custody" with respect to his 2013 state court conviction and that a collateral attack on that conviction by way of a federal habeas petition was unavailable to him. (Doc. No. 6 at 24.)  Petitioner objected to the findings and recommendations on May 27, 2020.  (Doc. No. 9.)

The court has reviewed this case *de novo* pursuant to 28 U.S.C. § 636 (b)(1)(C) and agrees with the magistrate judge's findings and recommendations.  "The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'"  *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. § 2254(a)).  As the magistrate judge properly found, because petitioner has served and completed his four-year sentence resulting from the 2013 state court conviction, he is no longer in "custody" within the meaning of § 2254(a) and is thus not entitled to federal habeas relief from that sentence.  (Doc. No. 6 at 2.)  Although petitioner disagrees with the magistrate judge's conclusion in his objections, he presents no arguments as to why he is currently in "custody" with respect to his 2013 conviction in state court. (Doc. No. 9 at 1–6.)  Accordingly, petitioner's objections do not dissuade the court from concluding that the 2013 state conviction is "no longer open to direct or collateral attack in its own right because [petitioner had] failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully)," and that the 2013 conviction "may be regarded as conclusively valid." *Lackawanna*, 532 U.S. at 403 (alteration in original).

However, even if petitioner is no longer in "custody" as a result of his 2013 state court conviction, he may nonetheless seek federal habeas relief under bring a § 2254 *if* the object of his petition is to challenge a new "sentence on the basis that the prior conviction [was] *used to enhance* [the new] sentence" when (1) the prior conviction "was unconstitutionally obtained." *Dubrin v. People of California*, 720 F.3d 1095, 1099 (9th Cir. 2013).  For example, such relief would be available because of "a failure to appoint counsel in violation of the Sixth Amendment," *Lackawanna*, 532 U.S. at 404; or (2) if the prior conviction is unfounded because the petitioner has "*compelling* evidence that he is actually innocent of the crime for which he was convicted,

2

*and* which he could not have uncovered in a timely manner." *Id.* at 405 (emphasis added); *see West v. Ryan*, 652 F.3d 1071, 1081 (9th Cir. 2011). The magistrate judge addressed the potential applicability of the two exceptions and properly found them not to be applicable or controlling here for various reasons. (Doc. No. 6 at 2–4.) Significantly, the arguments petitioner raised in his objections to the pending findings and recommendations—that he was not provided the criminal statute of which he was convicted to read beforehand and not afforded effective assistance of counsel, so that his no contest plea was not voluntarily and intelligently made—simply rehash what the state trial court have previously and persuasively discredited as "unbelievable." (Doc. No. 1 at 49–52); *see Briceno v. Scribner*, 555 F.3d 1069, 1076 (9th Cir. 2009) ("§ 2254(d) established a 'highly deferential standard for evaluating state court rulings.'" (citation omitted)). Having carefully reviewed the record and relevant law, the court finds no reason to depart from findings made by the state trial court and magistrate judge. Accordingly, the court concludes that there simply is no longer any federal habeas relief to be had for petitioner under § 2254 with respect to his 2013 conviction in state court.

The court is also *not* persuaded that petitioner is entitled to a certificate of appealability (COA) under 28 U.S.C. § 2253. "Section 2253(c)(1)(A) provides that unless a circuit justice or judge issues a COA, an appeal may not be taken from 'the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court.'" *Harbison v. Bell*, 556 U.S. 180, 183 (2009). To be entitled to a COA, petitioner must make a substantial showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880 (1983)). Neither of the requirements exists here. The court therefore declines to issue a certificate of appealability.

For the reasons explained above:

1. The findings and recommendations, filed March 16, 2020 (Doc. No. 6), are adopted;
2. The petition for writ of habeas corpus is dismissed;

/////

3. The Clerk of Court is directed to assign a district judge to this case for the purpose of closing the case and then to enter judgment and close this case; and

4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **August 19, 2020**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE